a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LLOYD CARR #310202,<br>Plaintiff | CIVIL DOCKET NO. 5:21-CV-03236<br>SEC P |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| JERRY GOODWIN,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by *pro se* Petitioner Lloyd Carr ("Carr"). ECF No. 5. Carr is incarcerated at the Dixon Correctional Center in Jackson, Louisiana. Carr challenges his conviction and sentence imposed in the First Judicial District Court, Caddo Parish, Louisiana.

Because Carr does not establish that his conviction and sentence violate federal law, the Petition (ECF No. 5) should be DENIED and DISMISSED WITH PREJUDICE.

I. Background

Carr was convicted of possession of a controlled dangerous substance. The trial court adjudicated him a fourth felony offender and sentenced him to 20 years of imprisonment. *State v. Carr*, 52,273 (La. App. 2 Cir. 9/26/18); 256 So.3d 470, 473, *writ denied*, 2018-1815 (La. 4/8/19); 267 So.3d 611. According to the Louisiana Second Circuit Court of Appeal:

1

> [O]n February 24, 2017, Corporal Jessica Benevage of the Caddo Parish Sheriff's Office was on patrol when she noticed a car traveling in the middle of the roadway on Dr. Martin Luther King Drive in Shreveport, Louisiana. Corporal Benevage activated her overhead lights to initiate a stop of the vehicle for improper lane usage. After making two turns, the car stopped on Gordonia Drive. Corporal Benevage approached the passenger side of the car and the defendant, who was the driver of the vehicle, admitted to driving in the center of the road, but stated that he did so to avoid potholes. Corporal Benevage asked the defendant to step out of the car and stand near the rear of the vehicle while she spoke with the passenger.
>
> While waiting, defendant kept putting his hands into his pants pockets, even after Corporal Benevage asked him to keep his hands out of his pockets. When Corporal Benevage approached the defendant and asked for his driver's license, he admitted that his license was suspended. Corporal Benevage asked the defendant if he had anything illegal on his person, which he denied. Corporal Benevage then told the defendant that she was going to do a "pat search." However, after patting the defendant's jacket pocket, Corporal Benevage reached inside that pocket and then asked the defendant for consent to search his pockets. The defendant consented. Corporal Benevage then searched the defendant's pants pockets and discovered a small amount of crack cocaine. Defendant admitted the cocaine belonged to him after being advised of his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

*Carr*, 256 So.3d at 473-74. Carr was charged with possession of a Schedule II controlled dangerous substance. ECF No. 18-3 at 12.

Prior to the start of trial, the judge ruled that Carr's statement to Corporal Benevage was made freely and voluntarily. ECF No. 18-4 at 22-28. Carr was convicted by a unanimous jury. *Carr*, 256 So.3d at 473.

The State filed a fourth felony habitual offender bill. ECF No. 18-3 at 82. At the habitual offender hearing, Carr offered to plead as a third felony offender. The State agreed if the sentence imposed was the 10-year maximum. ECF No. 18-4 at 112. However, Carr refused to plead under those terms. *Id.* at 124. Carr was then

2

adjudicated a fourth felony offender and sentenced to 20 years of imprisonment. ECF No. 18-4 at 131.

The trial judge denied a motion to reconsider sentence and informed Carr of his right to appeal. ECF No. 18-4 at 137. The Louisiana Appellate Project was appointed to represent Carl on appeal. ECF No. 18-4 at 180.

Appellate counsel assigned the following errors: (1) failure of the trial court to suppress the cocaine, the crack pipe, and Carr's statement; (2) ineffective assistance of counsel by failing to file a motion to suppress or adopt Carr's motion; and (3) excessive sentence. ECF No. 18-4 at 163-175. Carr's pro se brief alleged the following errors: (1) defective bill of information due to failure to state the amount of cocaine; (2) defective bills on his predicate offenses; (3) ineffective assistance of counsel due to the failure to object to the allegedly defective bills; and (4) failure to apply newly enacted changes to the habitual offender law in his case. ECF No. 18-4 at 200-212.

The Louisiana Second Circuit Court of Appeal affirmed Carr's conviction and habitual offender adjudication. The court amended the sentence to remove a restriction on parole eligibility and to reflect that the sentence be served without probation or suspension of sentence only. ECF No. 18-4 at 225. The court concluded that Carr's attempt to file a motion to suppress was untimely and he showed no good cause for his failure to timely file the motion. *Id.* at 218-19. The court declined to consider the merits of the ineffective assistance of counsel claim on appeal, noting that ineffective assistance is better addressed through an application

for post-conviction relief. Finally, the court found Carr's pro se claims to be untimely and meritless. *Id.* at 223-24. The Louisiana Supreme Court denied writs. *State v. Carr*, 2018-1815 (La. 4/8/19); 267 So.3d 611.

Carr filed an application for post-conviction relief raising the following errors: (1) defective bill of information; (2) ineffective assistance of counsel; (3) sentence enhanced by non-final conviction; (4) unlawful search and seizure; and (5) improper conviction by a six-person jury in violation of Louisiana law. ECF No. 18-5 at 137. The state courts denied relief. *State v. Carr*, 2021-00232 (La. 4/27/21); 314 So.3d 835.

In his § 2254 Petition, Carr asserts that: (1) his Fourth Amendment right was violated by an unlawful search; (2) he received ineffective assistance of counsel when his attorney failed to meet with him, prepare a defense, or adopt his motion to suppress; (3) his sentence was unconstitutionally excessive; (4) the bill of information was defective; (5) the jury composition was improper; and (6) his habitual offender conviction is illegal under Louisiana law. ECF No. 5.

II.  **Law and Analysis**

   A.  **Standard of Review**

An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall be considered only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). The role of a federal habeas court is to guard against extreme malfunctions in the state criminal justice systems, not to apply de novo

4

review of factual findings or to substitute its own opinions for the determinations made by the trial judge. *See Davis v. Ayala*, 576 U.S. 257, 276 (2015) (citing *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011)).

Under § 2254 and the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas relief is not available to a state prisoner with respect to a claim that was adjudicated on the merits in state court unless the adjudication of the claim: (1) resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See Martin v. Cain*, 246 F.3d 471, 475-76 (5th Cir. 2001), *cert. den.*, 534 U.S. 885 (2001).

A state court decision is "contrary to" clearly established Supreme Court precedent if the state court applies a rule that contradicts the governing law set forth in Supreme Court cases or confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. A state court decision falls within the "unreasonable application" clause when it unreasonably applies Supreme Court precedent to the facts. *See Martin*, 246 F.3d at 476; *see also Rivera v. Quarterman*, 505 F.3d 349, 356 (5th Cir. 2007), *cert. den.*, 555 U.S. 827 (2008).

A federal habeas court should ask whether the state court's application of clearly established federal law was objectively reasonable. A federal court cannot

grant habeas relief simply by concluding that the state court decision applied clearly established federal law erroneously; the court must conclude that such application was also unreasonable. *See Martin*, 246 F.3d at 476. An unreasonable application is different from an incorrect one. *See Bell v. Cone*, 535 U.S. 685, 694 (2002). When a state court determines that a constitutional violation is harmless, a federal court may not award habeas relief under § 2254 unless the harmlessness determination itself was unreasonable. *See Mitchell v. Esparza*, 540 U.S. 12, 18 (2003); *see also Davis*, 135 S. Ct. at 2199 (citing *Fry v. Pliler*, 551 U.S. 112, 119 (2007)).

Before seeking federal habeas corpus relief, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); 28 U.S.C. § 2254(b)(1). To provide the State with this necessary "opportunity," the prisoner must "fairly present" his claim to the appropriate state court—including the highest court—in a manner that alerts that court to the federal nature of the claim. *Reese*, 541 U.S. at 29-32 (rejecting the argument that a petitioner "fairly presents" a federal claim, despite failing to give any indication in his appellate brief of the federal nature of the claim through reference to any federal source of law, when the state appellate court could have discerned the federal nature of the claim through review of the lower state court opinion); *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (claim for federal relief

must include reference to a specific constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief).

### B. Carr fails to establish a constitutional violation related to his search.

Carr alleges that his rights under the Fourth Amendment to the United States Constitution were violated because there was no "reasonable suspicion" for Corporal Benevage to stop his vehicle or to justify the subsequent search.

"[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976) (footnote omitted). The *Stone* bar "applies to all claims arising under the Fourth Amendment," including challenges to an arrest or the seizure of evidence. *Hughes v. Dretke*, 412 F.3d 582, 596 (5th Cir. 2005). Louisiana affords the opportunity to litigate Fourth Amendment claims through motions to suppress under article 703 of the Louisiana Code of Criminal Procedure. "It is beyond cavil that Louisiana courts provide criminal defendants the opportunity to raise Fourth Amendment claims." *Drake v. Keith*, 2014 WL 1240223, at *4 (W.D. La. 2014) (citing *Bailey v. Cain*, 2007 WL 1198911, at *13 (E.D. La. 2007).

Carr's pro se motion to suppress was discussed prior to trial, but it was not adopted by counsel or filed into the record. ECF No. 18-3 at 195-97. His attorney stated that he could not adopt the motion because of the defects it contained. *Id.* at 199. Carr raised the claim on direct appeal and collateral review, and the claim was

7

denied each time it was raised. Carr had a full opportunity to present his claim in the state courts. All that is constitutionally required is an opportunity to litigate a Fourth Amendment claim—not that it will be litigated successfully. Carr received all the process he was due.

### C. Carr fails to establish ineffective assistance of counsel.

Carr complains that he received ineffective assistance of counsel when his attorney failed to meet with him, prepare a defense, or adopt his pro se motion to suppress. Because the Louisiana Supreme Court issued a one-word denial, the Court must "look through" to the "last related state court decision that does provide a relevant rationale" and "presume that the unexplained decision adopted the same reasoning." *Wilson v. Sellers*, 138 S.Ct. 1188 (2018). The last reasoned decision on this issue is the trial court's ruling applying *Strickland v. Washington*, 466 U.S. 668 (1984). ECF No. 18-5 at 272.

*Strickland* requires a petitioner to show that: (1) counsel's performance was deficient in that the errors were so serious that he failed to function as "counsel" guaranteed by the Sixth Amendment; and (2) the deficient performance resulted in actual prejudice. *Strickland*, 446 U.S. at 687. The court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Rector v. Johnson*, 120 F.3d 551, 563 (5th Cir. 1997), *cert. denied*, 522 U.S. 1120 (1998). The prejudice prong requires a showing that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of

8

the proceeding would have been different." *Strickland*, at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Carr's claim that his attorney prepared no defense is conclusory. "[C]onclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding." *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000), *cert. denied*, 531 U.S. 849 (2000). And Carr does not make the required showing of actual prejudice under *Strickland* with respect to his claim that his attorney never met with him to prepare for trial. As the Second Circuit noted, Carr's attorney encouraged him to take the plea agreement to secure a lesser sentence. ECF No. 18-5 at 273.

Carr asserts that his attorney should have filed a motion to suppress or adopted Carr's pro se motion to suppress. To establishes ineffective assistance of counsel for failing to litigate a Fourth Amendment claim, a petitioner must show that the claim was meritorious and that there was a reasonable probability that the verdict would have been different had the evidence at issue been suppressed. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). The petitioner must also establish that a denial of the motion, had it been raised, would have been contrary to or an unreasonable application of federal law. *Evans v. Davis*, 875 F.3d 210, 219 (5th Cir. 2017), *cert. denied*, 139 S.Ct. 78 (2018).

Carr does not show that his motion to suppress would have been meritorious whether adopted or raised by counsel. Carr's attorney advised the court that he could not adopt the motion due to the defects it contained. The State advised the

9

court that the motion was unsupported and contained "no allegation except for police misconduct." ECF No. 18-3 at 195.

Corporal Benevage testified that she stopped Carr after seeing him commit a traffic violation. A traffic violation provides probable cause for a stop. *Whren v. United States*, 517 U.S. 806, 810 (1996); *United States v. Rosales-Giron*, 592 F. App'x 246, 251 (5th Cir. 2014) (per curiam) (citing *United States v. Khanalizadeh*, 493 F.3d 479, 482 (5th Cir. 2007)) (officer has probable cause to a conduct a traffic stop "when a defendant commits a traffic violation and a law-enforcement officer observes the violation").

Corporal Benevage testified that Carr was "fidgeting a lot" and "putting his hands in his pocket." ECF No. 18-4 at 36, 67. Corporal Benevage conducted a pat down for officer safety and obtained Carr's consent to search his pocket, which led to finding cocaine in his pants' pocket. *Id.* at 36-37; 66-67. She testified that she "didn't know whether it was crack, a knife or any other weapon, a firearm or I didn't know what he had on him that he was so intent on shoving his hands down in his pocket to conceal." *Id.* at 67.

During a traffic stop, an officer is permitted to instruct the driver and passengers to exit the vehicle. *Maryland v. Wilson*, 519 U.S. 408 (1997); *Pennsylvania v. Mimms*, 434 U.S. 106 (1977). An officer may conduct a limited pat down search to the extent necessary to ensure officer safety. *Terry v. Ohio*, 392 U.S. 1 (1968); *U.S. v. Jenson*, 462 F.3d 399, 407-08 (5th Cir. 2006). Carr's fidgeting and repeatedly reaching into his pocket justified Corporal Benevage's suspicion that he

10

might have a weapon. Therefore, the pat down search for her safety was permissible under the Fourth Amendment. Further search of Carr's pockets was done with Carr's consent. Thus, it is exempt from the Fourth Amendment warrant requirement. *See United States v. Zavala*, 541 F.3d 562, 576 (5th Cir. 1993).

Although a video recording depicts Corporal Benevage reaching inside one jacket pocket before obtaining Carr's consent, Carr expressly consented to the search of his other pockets, which is where the cocaine was found. Additionally, Corporal Benevage testified that Carr made a post-*Miranda* videotaped statement admitting the cocaine was his and that he forgot it was in his pocket. ECF No. 18-4 at 22-24. Carr does not establish that a motion to suppress the cocaine or his statement would have been meritorious.

Corporal Benevage testified that she found the crack pipe in a cigarette package in the front interior compartment of the vehicle. *Id.* at 44-45. As the State points out, facts of the search of the vehicle were not well-established at the hearing. However, Carr cannot show a reasonable probability that the result would have been different had the crack pipe been excluded. It was found after the cocaine and unnecessary to prove the charged offense. Therefore, Carr cannot establish the prejudice required under *Strickland*.

Carr does not show that the state courts' adjudication of his claim was objectively unreasonable.

### D. Carr's excessive sentence claim is procedurally defaulted.

Carr asserts that the 20-year sentence is unconstitutionally excessive. He also claims that his attorney provided ineffective assistance in failing to argue mitigating factors at sentencing. On appeal, Carr asserted that his sentence violated the Louisiana Constitution and state jurisprudence, but he made no federal claim. ECF No. 18-4 at 170-73; 18-5 at 12. Nor did he present the claim on post-conviction review. ECF No. 18-5 at 137. Because Carr did not give the state courts the opportunity to address any alleged violations of his federal constitutional rights regarding his excessive sentence claim, this claim is unexhausted. *Baldwin*, 541 U.S. at 29; O'Sullivan, 562 U.S. at 842.

Because Carr failed to properly exhaust the claim, and the state courts would now find the claim procedurally barred as untimely under La. C. Cr. P. art. 930.8, the claim is procedurally defaulted. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). Federal habeas review of a procedurally defaulted claim is barred unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750-51 (1991); *see also Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001).

Carr cannot meet this heavy burden. He had the opportunity to plead as a third felony offender and receive a 10-year sentence. Carr refused to do so, contrary to the advice of his attorney. Also, the appellate court noted that Carr had a "lengthy criminal history" including over 40 misdemeanor convictions and five

12

felony convictions. ECF No. 18-4 at 223. The trial court imposed the mandatory minimum sentence. Carr does not show any basis for federal relief.

Carr claims that his attorney was ineffective for failing to present mitigating evidence of "decreasing recidivism." ECF No. 5-1 at 20. He argues that "to house a now 60 year old man until he is well into his 70s without the chance of parole or supervised release is truly barbaric." *Id.* First, the trial court removed the restriction on parole eligibility. ECF No. 18-4 at 225. Additionally, Carr does not establish that the state courts' unreasonably applied *Strickland*.

### E. Carr is not entitled to relief based on his Bill of Information.

Carr asserts that the bill of information was defective because it did not allege the quantity of cocaine he possessed. He argues that *United States v. Thomas*, 274 F.3d 655 (2nd Cir. 2001) mandates that the type and quantity of drugs must be charged as an element of the offense. *Thomas* held that the type and quantify of drugs must be charged as an element of the offense if that information may be used to impose a sentence above the statutory maximum for an unspecified quantity under the sentencing guidelines. *Id.*

As the trial court noted, neither the quantity nor type of drug was used to sentence Carr above the statutory maximum. ECF No. 18-5 at 273-74. Carr's sentence was based on his adjudication as fourth felony offender, his criminal history, and the fact that he turned down a beneficial plea deal multiple times. *Id.*

First, *Thomas* is an appellate court case, which is not "clearly established federal law" of the Supreme Court. *Evans*, 875 F.2d at 215-16. Next, a bill of

13

information is not a matter for federal habeas review unless the charging document was "so defective that it deprives the state court of jurisdiction." *McKay v. Collins*, 12 F.3d 66 (5th Cir. 1994);

In Louisiana, the bill of information serves to "inform the defendant of the nature and cause of the accusation against him in sufficient detail to allow him to prepare for trial, as well as to allow the court to determine the admissibility of the evidence." *State v. Lee*, 39,088 (La. App. 2 Cir. 10/27/04), 888 So.2d 305, 307. As provided by La. C. Cr. P. art. 464:

> The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. It shall state for each count the official or customary citation of the statute which the defendant is alleged to have violated. Error in the citation or its omission shall not be grounds for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice.

The bill of information alleged that Carr "did knowingly or intentionally possess a controlled dangerous substance as classified in Schedule II, to-wit: COCAINE" in violation of La. R.S. 40:967(C). ECF No. 18-3 at 12. That provision states:

> C. Possession. It is unlawful for any person to knowingly or intentionally to possess a controlled dangerous substance as classified in Schedule II unless such substance was obtained directly or pursuant to a valid prescription or order from a practitioner, as provided in R.S. 40:978 while acting in the course of his professional practice, or except as otherwise authorized by this Part.
>
> (1) Any person who violates this Subsection with respect to pentazocine shall be imprisoned with or without hard labor for not less than two years and for not more than five years and, in addition, may be sentenced to pay a fine of not more than five thousand dollars.

> (2) Any person who violates this Subsection as to any other controlled dangerous substance shall be imprisoned with or without hard labor for not more than five years and, in addition, may be sentence to pay a fine of not more than five thousand dollars.

Under R.S. 40:967(C), the quantity of cocaine possessed is not an element of the offense and is not a factor that increases the penalty. Carr does not show that the failure to allege a quantity of cocaine in the bill of information violated his federal constitutional rights or any clearly established federal law as determined by the Supreme Court. He shows no defect that would deprive the convicting court of jurisdiction or prevent a valid conviction under the facts provable under the bill. *See Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir. 1985).

### F.     Carr does not allege a federal violation regarding the six-person jury.

Carr asserts that his conviction is invalid because the jury consisted of six instead of 12 individuals. Carr claims the jury composition was violative of Louisiana law. ECF No. 5-1 at 21. Errors of state law do not warrant federal habeas relief. *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Because Carr does not allege a violation of a federal constitutional right, his claim should be dismissed.

### G.     Carr does not allege a federal violation regarding his conviction as a habitual offender.

Finally, Carr argues that his conviction was not final when the State used it to enhance his sentence. Again, Carr relies on State law in support of his claim. ECF No. 5-1 at 22. It is not cognizable on habeas review. *See McGuire*, 502 U.S. at 67.

15

### III. Conclusion

Because Carr does not establish that his conviction and sentence violate federal law, IT IS RECOMMENDED that his Petition (ECF No. 5) be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A

courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

SIGNED on Monday, April 3, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE